NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014[*]
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2505

| | |
|---|---|
| BETTY J. DUMAS and JEROME J. CASIMIR, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 10 C 7684 |
| CHARLES DECKER, et al., | Gary S. Feinerman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Betty Dumas and Jerome Casimir appeal the dismissal of their civil action for failure to serve process within 120 days of filing their complaint, as required by Federal Rule of Civil Procedure 4(m). *See* FED. R. CIV. P. 12(b)(5). Because they have not shown good cause for failing to serve the defendants, we affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Dumas and Casimir sued two corporations and three individuals for unspecified violations of their civil rights in connection with their attempt to preserve title to property (on Chicago's south side) after falling behind on their property taxes. The delinquent taxes had been paid by Optimum Financial, Inc., a financial-services company, which assigned the tax-sale certificate to the Sabre Group, LLC, a real-estate firm. Dumas later filed for bankruptcy and went through two bankruptcy proceedings. During these bankruptcy proceedings and the tax redemption, the defendants allegedly violated the plaintiffs' civil rights.

Although summonses were issued on January 21, 2011, nothing happened for several months. Twice the plaintiffs requested, and the district court granted, extensions of time (totaling 135 days) for serving summons. Upon granting the second motion (extending the final deadline to August 19, 2011), the court expressly warned: "This is the final extension that will be granted for effectuating service." Two days before the August 19 deadline, Casimir hand-delivered one copy of the summons to Heather Ottenfeld, a Chicago attorney who did not represent any of the defendants. Casimir recorded on the executed returns that he had served the defendants personally, that copies were left at their dwellings, and that summonses had been served upon each defendant's "attorney of record at Chicago area office."

The defendants eventually learned of the case, made their appearance, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) because they had never been properly served. The plaintiffs did not dispute the lack of proper service but sought a third extension based on good cause—that they had mistakenly understood the court to have authorized Casimir to effectuate service himself and, further, that the defendants had a pattern of hiding their identities or addresses.

The district court determined that plaintiffs had not shown good cause under Rule 4(m) for a third extension, and granted the defendants' Rule 12(b)(5) motion to dismiss. The court noted that the plaintiffs (1) gave no excuse for not properly serving the defendants (and that the extension orders could not be interpreted to have authorized Casimir to serve the defendants himself), (2) waited until "nearly the last possible moment" to attempt service, and (3) filed a return of service that was "internally inconsistent and plainly false."

On appeal Dumas and Casimir challenge the court's conclusion that they did not show good cause for failing to serve the defendants. They maintain that Casimir delivered the summonses based on his misunderstanding that he had been "appointed"

by the court to serve the process, but they now clarify that the source of their so-called "appointment" was a statement made by the district judge at a status hearing, and not the extension orders themselves.

The district court, however, acted well within its discretion by expressly rejecting this argument that the plaintiffs were "appointed" or authorized to serve process. As the court explained, the plaintiffs did not support this claim with any evidence. But even if the plaintiffs could show that the court had appointed Casimir to personally serve the defendants, Ottenfield, as she stated in a declaration, was not authorized to accept service on behalf of any of the defendants. Additionally, the district court aptly characterized the claim as "implausible" because the extension orders could not override Rule 4(c)(2)'s prohibition on any party effectuating service himself. *See, e.g., Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010) (a party may not effectuate service). Further, unfamiliarity with the law does not constitute good cause to exempt pro se litigants from complying with the requirements of Rule 4. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

The plaintiffs also urge that the time for service be "retroactively extend[ed]"—and the case allowed to proceed to the merits—because the defendants would not be prejudiced by any delay in service. But the court exercised its discretion in rejecting this argument as well: the court reasonably concluded that plaintiffs' lack of diligence "counsels heavily" against a discretionary extension and "far outweighs" those factors that might justify an exception. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011).

We have considered plaintiffs' remaining arguments and conclude that none has merit.

**AFFIRMED.**