IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 07, 2025 12:29 PM
ST-2025-CV-00097
**TAMARA CHARLES
CLERK OF THE COURT**



## IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

CAPTAIN'S COMMAND AT             )
BLUEBEARD'S BEACH CLUB           )
INTERVAL OWNERSHIP               )
CONDO. ASSOC.                    )
                                 )     **CASE NO. ST-2025-CV-00097**
                Plaintiff,       )
                                 )     **ACTION FOR DEBT FORECLOSURE
                                 )     OF LIEN AND BREACH OF
                                 )     CONTRACT**
            v.                   )
                                 )
RALPH R. BONNER and              )
MARSHA S. BONNER                 )
                                 )
                Defendants.      )
                                 )

**2025 VI Super 19U[1]**

**ALEX M. MOSKOWITZ, ESQUIRE
DUDLEY NEWMAN FEUERZEIG LLP
St. Thomas, VI
*Counsel for Plaintiff, Captain's Command at Bluebeard's Beach Club Interval Ownership
Condo. Assoc.***

## MEMORANDUM OPINION AND ORDER

¶1      THIS MATTER is before the Court on Plaintiff, Captain's Command at Bluebeard's Beach

Club Interval Ownership Condo. Assoc.'s, July 7, 2025 Motion to Allow Service by Publication,

in which it seeks leave to serve Defendants by constructive service of process through publication,

---

[1] The present opinion has been designated unpublished for several reasons. There is little binding precedent from the Virgin Islands Supreme Court addressing what efforts in fact constitute "Due Diligence." There is also a lack of precedent addressing whether service by a disinterested person constitutes a requirement the violation of which is a fundamental error rendering any default judgment void (or whether such error is merely voidable upon a party's motion). Further, due to the procedural posture, there is no opposing party, which leaves the Court without the benefit of briefing from opposing viewpoints and the accompanying explication of the law. While no single decision of a Judge of the Superior Court is binding upon another judge, stare decisis dictates that the same judge follow prior precedent when presented with materially indistinguishable facts. However, this Court is hesitant to bind itself with its own precedent without the benefit of the sort of complete briefing that occurs when there are opposing parties.

and documents submitted in support thereof. Plaintiff asserts that the necessary prerequisites of section 112 of title 5 of the Virgin Islands Code have been met. The Court, having reviewed what Plaintiff submitted in support, finds that Plaintiff has failed to make a prima facie showing of "Due Diligence" in its efforts to give actual and legal notice to Defendnats, as required by the statute. For the reasons explained below, ruling on the motion is deferred; and Plaintiff has 60 days to either submit corrected proof establishing Due Diligence or to take such actions that establish Plaintiff made a duly diligent effort to serve Defendants such that those actions indicate an actual desire to give both actual and legal notice to Defendants.

### BACKGROUND

¶2     On March 19, 2025, Plaintiff commenced this action[2] against Ralph R. Bonner ("Ralph") and Marsha S. Bonner ("Marsha").[3] Plaintiff, on July 7, 2025, filed its Motion to Allow Service by Publication. In support of this motion, Plaintiff submitted the search results for any known addresses and emails of the Defendants, as well as an affidavit from Guaranteed Subpoena Service, Inc. (based in New Jersey) executed by a process server in Florida and a report from another process server in Michigan.[4] The report submitted by Guaranteed Subpoena Service, Inc. that was

---

[2] V.I.R. Civ. P. 3 (action commenced with filing complaint).

[3] Compl., p.1. While not required, it would have been best practice for Plaintiff to have submitted a verified complaint, as a verified complaint also functions as an affidavit to factual matters therein within the verifying plaintiff's knowledge, including declarations upon information and belief. *Revock v. Cowpet Bay*, 853 F.3d 96, 100 n.1 (3d Cir. 2017). Proof of service requires a plaintiff to submit prima facie evidence of legal notice to the Defendants; this requires factual statements under oath, affirmation, or penalty of perjury. *See Skepple v. Bank of N.S.*, 69 V.I. 700, 726, 730-31 (V.I. 2017); *Henry v. Dennery*, 55 V.I. 986, *5 (V.I. 2011) (unsworn statements of counsel are not evidence); *see generally* V.I.R. Civ. P. 84 (allowing statements under penalty of perjury). While facts relating to any given defendant's residence, domicile, and other matters relating to service of process and personal jurisdiction (e.g., facts establishing minimum contacts, etc.) can be included in any affidavit, submitting a verified complaint from the outset makes such facts a part of the record evidence establishing prima facie proof of service of process, etc. Because an unverified complaint contains mere allegations, any facts alleged therein cannot serve as prima facie evidence in support of service of process.

[4] Mot. To Allow Serv. By Pub., Exs. 1-3.

Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Ralph R. Bonner et. al.
Case No. ST-2025-CV-00097
Memorandum Opinion and Order
Page 3 of 21

2025 VI Super 19U

executed by a process server in Michigan was neither affirmed nor sworn nor declared under penalty of perjury.[5] It was also plainly printed on the form that, "***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFFIDAVIT***."[6]

¶3     While not evidence of service, it appears service was first attempted in Michigan, as that was the address of record with the Plaintiff.[7] Two attempts to serve Ralph were made on either April 11 or 15, 2025, at 474 Penetcost[8] Hwy, Onsted, MI 49265; but the house was padlocked with no activity, appearing to be an unoccupied summer home.[9] There is nothing in this report to indicate any attempt was made to serve Marsha.[10] While not signed, it appears that Silvia Rosa was the person who took these actions in Michigan;[11] and she is not a party to this matter.[12] However, as explained below, there is insufficient evidence the server is a "disinterested person."[13]

---

[5] Mot. To Allow Serv. By Pub., Ex. 2. Statements not subject to the penalty of perjury are not evidence and cannot serve as prima facie proof of service of process. *See Skepple*, 60 V.I. at 730-31 (noting that an affidavit is competent evidence to establish prima facie proof of service of process); *id.* at 733 ("We review the facts as presented in the record and determine whether there has been a prima facie showing of compliance with the requirements of the method of service. A 'failure to vacate a void judgment is *per se* an abuse of discretion.'" (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009); citing *Dennery*, 55 V.I. at 993; *Old Wayne Mut. Life Asso. v. McDonough*, 204 U.S. 8, 15-16 (1907); *Connecticut Mut. Life Ins. Co. v. Spratley*, 172 U.S. 602, 615-16 (1899); *Hart v. Sansom*, 110 U.S. 151, 155 (1884))).

[6] Mot. To Allow Serv. By Pub., Ex. 2

[7] Id., Ex. 2

[8] This appears to be a typo, as the more likely spelling is Pentecost.

[9] *Id.* Plaintiff's counsel can correct some of these deficiencies by making declarations under penalty of perjury, for example declaring the address to be Defendants' last known address; but the substance of the attempted service in Michigan must be declared under penalty of perjury or sworn before a notary in order to constitute evidence of service of process. *Id.* at 730-31.

[10] Attached to the report are copies of the summonses for both Ralph and Marsha. However, absent is a statement that the process server received both summonses. There is too large an analytical gap for the Court to conclude the statements limited to Ralph's summons also apply to Marsha's summons. In the future, any affidavit should state each document received for each defendant and the attempts to serve each document on each defendant, so the Court is not left to speculate. The requirements are that each defendant receive both a summons and complaint. The failure to include such information in any affidavit is a failure of proof.

[11] *Id.*

[12] V.I.R. Civ. P. 4(C)(1) (process served by anyone who is not a party); *cf. Skepple*, 60 V.I. 730 at ("When served by 'a disinterested person' who is authorized by law to do so, process of the Superior Court is effective . . . ." (citing 4 V.I.C. § 82(a-b), (d); BLACK'S L. DICT., at 1361.))

[13] 4 V.I.C. § 82(d) (When process is served by anyone who is not the Marshall of the Superior Court or a probation officer of the Superior Court, the server must be "a disinterested person.").

2025 VI Super 19U

¶4     The affidavits of attempted service in Florida establish that the Plaintiff provided the process server copies of the complaint and summonses issued to Ralph and Marsha.[14]  On April 12, 14, 15, and 16, 2025, the process server went to 107 Saint Johns Court in Satsuma, Florida 32189.  A Dodge pickup truck was observed on three of those occasions but was not parked at the property for one of the four attempts.[15]  The server was unable to accomplish personal service on either Defendant.  The process server is identified in the affidavit and states they are over 18 and have no interest in the lawsuit; the server's name is not that of any Party.[16]

¶5     Finally, as Exhibit 1, Plaintiff submitted reports detailing various addresses, telephone numbers, and email addresses of the Defendants.[17]  The report indicated that, between 2006 and 2025, Ralph lived at 227 Hermits Dr. Satsuma, FL 32189 and had Post Office Box 575, Satsuma, FL 32189.  Similarly, several email addresses were listed as potential contacts for Ralph.  For Marsha, the report identified several emails and associated addresses, to include, 170 Chestnut Street, Andover, MA 01810; 562 Swains Lake Dr., Concord, MI 49237; and 245 Hill Ave., Fayetteville, GA 30215, all listed as possible addresses from 2020 to present.  Nothing has been submitted to indicate service of process, either personal service or substitute service by mail (or otherwise), was attempted at any of the recent addresses nor is there anything indicating actual notice that was attempted by email for Marsha.

¶6     Plaintiff seeks authorization for constructive service in order to serve Defendants by publication in a newspaper of general circulation pursuant to section 112 of Title 5 of the Virgin

---

[14] Mot. to Allow Serv. By Pub., Ex. 3.
[15] *Id.*
[16] *Id.*
[17] *Id.*, Ex. 1.

2025 VI Super 19U

Islands Code and Virgin Islands Rules of Civil Procedure 4 and 4-1.[18] Plaintiff's request does not specify which newspaper or newspapers in which locality or localities such constructive service would be had.[19] Plaintiff asserts that it has demonstrated Due Diligence[20] in its effort to provide legal notice to the Defendants but has failed to achieve either personal or substitute service of process justifying employing constructive service by publication.[21]

## ANALYSIS

¶7    As the ultimate goal of service by publication is to move the litigation toward entry of default and, ultimately, default judgment if/when Defendants fail to answer or otherwise defend,[22] the Court must ensure that the proper foundation for a valid "Final Judgment"[23] has been laid.[24]

---

[18] *Id.*, para. 7.

[19] In the future, any motion must specify the jurisdiction in which publication is proposed. Counsel should also take note that, as discussed below, Due Diligence requires prima facie proof of a genuine desire to give both actual and legal notice. Depending on the facts in each case, publication may be necessary in both the Virgin Islands and one or more other jurisdiction to establish Due Diligence.

[20] *Skepple*, 60 V.I. at 739-43 (discussing Due Diligence, also referred to as "reasonable diligence").

[21] Mot. To Allow Serv. By Pub., para. 6.

[22] While this is not a foregone result, as the Defendants could ultimately receive legal notice and respond, courts are not in the business of issuing void judgments. *Id.* at 732 ("If the trial court never obtained personal jurisdiction over [the defendant], any default judgment issued pursuant to entry of default] is void and must be set aside as a matter of law; said differently, **the trial court lacks discretion to decline to set aside a judgment that is void.**" (emphasis added) (citing *Ernest v. Morris*, 64 V.I. 627, 638-39 (V.I. 2016))). As such, it is the best practice to examine whether there is subject matter jurisdiction and prima facie proof of service of process at the outset thereby avoiding future collateral attacks on any default judgment that may be entered. This approach is supported by the Virgin Islands Supreme Court's holding in *Skepple*, 60 V.I. at 733 (reviewing the record to determine whether prima facie proof of service failed on the face of the record and holding that courts lack discretion to deny a request to vacate a void judgment).

[23] *Id.* at 714 & n.5 ("A 'Final Order' ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. The entry of a Final Order implicitly denies all pending motions, and all prior interlocutory orders merge with the Final Order." (citing *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.*, 62 V.I. 728, 731 (V.I. 2015); *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) and citations in footnote)); *see generally Penn v. Mosley*, 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson*, 67 V.I. 861, 871-72 (V.I. 2017) (same); *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 249-52 (V.I. 2010) (adopting Collateral Order rule for establishing a Final Judgment); *e.g., Demming v. Demming*, 66 V.I. 502, 506 (V.I. 2017) (holding that a divorce decree is a final judgment); *Cianci v. Chaput*, 68 V.I. 682, 688 (V.I. 2016) (quoting *Matter of Estate of George*, 59 V.I. 913, 919 (V.I. 2013) ); *Williams v. People*, 58 V.I. 341, 347-48 (V.I. 2013) (holding that a stay of execution of judgment does not render an order non-final).

[24] *See Id.* at 724 ("'[I]n all instances the jurisdiction of the court rendering the judgment may be inquired into, and . . . allow the defendant to show that the court had no jurisdiction over his person.' Therefore, even though [a defendant] has waived this argument, [the Court] must consider whether the default judgment was entered without the trial court

There are four requirements to a valid judgment: (1) subject matter jurisdiction, (2) personal jurisdiction, (3) a judgment limited to issues and relief sought in the pleading, and (4) compliance generally with due process (or said differently, the judgment is not otherwise void for lack of due process).[25] At this stage in the litigation, only the first two requirements are relevant.

## I.    Subject Matter Jurisdiction

¶8      This Court is obligated to ensure that it has subject matter jurisdiction, as the parties to a case cannot stipulate to the law;[26] and every Court has the obligation to ensure it is only acting within its granted authority.[27] Section 76 of title 4 of the Virgin Islands Code provides that the Superior Court is a court of "general jurisdiction."[28] When the Legislature uses legal terminology, it is presumed the Legislature understood and intended to incorporate any existing meaning and presumptions, as Legislatures are presumed to know the law as it exists and legislate with that

having first obtained personal jurisdiction over [the defendant] because the issuance of a judgment by a court that has not obtained personal jurisdiction over a defendant is not a valid exercise of judicial power, and the judgment is premised on a fundamental error." (quoting *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 463 (1874), and citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 139 (1912))); *id.* at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (citations omitted)).

[25] *Id.* at 718; *see also Reynolds v. Stockton*, 140 U.S. 254, 268 (1891).

[26] *Davis v. People*, 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015))); *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished))).

[27] *Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute. [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008))).

[28] *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 450–51 (V.I. 2021) (Swan, J., Concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

2025 VI Super 19U

knowledge in mind.[29] Courts of general jurisdiction are presumed to have subject matter jurisdiction over any matter before them.[30] There are certain exceptions to this presumption and laws that would, under specific conditions, require the Court to refrain from acting. For example, a federal bankruptcy stay does not divests a court of subject matter jurisdiction but does render void any action by a court while the stay is pending.[31] The record does not facially and obviously reflect any facts giving rise to such an exception to this Court's general jurisdiction[32] or that would otherwise require the Court to refrain from acting. Further, there is nothing of public record that

---

[29] *E.g., Alexander v. Wilson*, 73 V.I. 528, 535 (V.I. 2020) (Plaintiff "was not required to preemptively plead in his initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA. [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ." (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People*, 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells*, 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.*, 438 U.S. 422, 436 (1978); *Morisette v. United States*, 342 U.S. 246, 251-52 (1952))); *Baumann v. Pub. Emps. Relations Bd.*, 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike*, 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson*, 1 N.H 53, 55 (N.H. 1817); *Thurber v. Blackbourne*, 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.*, 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby*, 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People*, 60 V.I. 392, 404 (V.I. 2014)); *Brooks v. Gov't of the V.I.*, 58 V.I. 417, 428 (V.I. 2013); *Henderson v. Shinseki*, 562 U.S. 428,435 (2011))); *Cascen*, 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I. at 445 (Swan, J., Concurring) ("Lastly, regarding consideration of context, legislatures are presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27; *United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann*, 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[30] *Id., see also Willis v. People*, 71 V.I. 789, 818 (V.I. 2019) (Swan, J., concurring) ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly. This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence." (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))).

[31] *Cianci v. Chaput*, 64 V.I. 682, 687-88 (V.I. 2016) ("'Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court.'" (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases))).

[32] *Cf. Alexander*, 73 V.I. at 535 (In the Superior Court, a Plaintiff "need not plead jurisdictional facts until jurisdiction is properly drawn into question." (citation omitted)).

the Court is aware that might have divested subject matter jurisdiction or otherwise required the Court to refrain from addressing this matter. In the absence of an opposing party raising any specific challenge, the Court is satisfied that it is acting within its general jurisdiction.

## II.    Service of Process[33]

**¶8**    "Due process protects the individual from coercion 'except by lawful judicial power.'"[34] "Because a court cannot have jurisdiction over a defendant unless that defendant . . . had legal notice, when the validity of a default judgment is being challenged, the first line of inquiry should be to ask 'whether the court in which the judgment by default was taken, ever had jurisdiction as to the defendant, so as to warrant the judgment entered against him by default'; 'no person can be bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy; that no person can be in default with respect to that which it never was incumbent upon him to fulfill.'"[35] Such "[a] violation of due process rights will render a judgment void, and that judgment 'can have no force as to one on whom there has been no **service of process**, actual or constructive, who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such judgment is absolutely void; he is no party to it and can no more be regarded as a party than can any and every other member of the community.'"[36]

---

[33] In *Skepple*, the V.I. Supreme Court established that there are four aspects to a court's valid exercise of personal jurisdiction, process, service of process, statutory minimum contacts, and constitutional minimum contacts. 69 V.I. at 732 ("If the Superior Court is properly presented with **a challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service**, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (emphasis added) (citations omitted)). The present matter concerns only the service of process aspect of personal jurisdiction.

[34] *Id.* at 724 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).

[35] *Id.* at 729 (quoting *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339 (1853), and citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)).

[36] *Id.* at 718 (quoting *Harris*, 55 U.S. at 339 (emphasis added)).

2025 VI Super 19U

¶9    Absent waiver or consent, legal notice is achieved only through an authorized[37] method of service of process.[38] Service of process must be made by a "disinterested" non-party who is 18 years old or older.[39] "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule."[40]

¶10    It should be noted that, a failure to adequately prove service is not the same as a failure of service of process; and a failure to prove service does not render legal notice void.[41] Additionally,

---

[37] The Court notes that, in *Skepple*, the V.I. Supreme Court recognized that there are instances when service by a method authorized by statute cannot be achieved (whether due to jurisdictional/legal barriers or a defendant's efforts to avoid service) requiring use of what could be described as service by necessity. *See generally* 69 V.I. at 734 & n.27 (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (finding that service is effective when the server "pitched the papers through a hole in the screen door of [defendant's] apartment")). Consideration of the full scope of an "authorized" method of service is not within the subject of this opinion.

[38] *Id.* at 726 ("[U]nless a defendant has waived service, the defendant must either have consented to the particular method of service utilized or be served with process by a method that is authorized by law." (citing *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see generally id.* at 726-27 & nn.15-16 (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *Shriver Junior's Lessee v. Lynn*, 43 U.S. (2 How.) 43, 60 (1844)).

[39] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[40] *Skepple*, 60 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007-69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013-06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[41] V.I.R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see Daley-Jeffers v. Graham*, 69 V.I. 931, 940-41 (2018) ("Finally, this Court holds that the Superior Court's dismissal of Daley-Jeffers' claim for insufficient service of process amounted to an abuse of discretion. Daley-Jeffers' motion and exhibits filed in response to Graham's motion to dismiss for insufficient service of process clearly evidenced that she timely remedied her initially deficient service." The failure to provide such proof to the Court previously was a failure of proof of service.). "If the Superior Court is . . . presented with a challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge. A failure to hold an evidentiary hearing is an abuse of discretion." *Skepple*, 69 V.I. at 732 (citations omitted). However, where there is no factual dispute and the record plainly discloses a lack of proof of service of process, the Court is obligated to evaluate the record to determine whether service was adequate. *Id.*

Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Ralph R. Bonner et. al.
Case No. ST-2025-CV-00097
Memorandum Opinion and Order
Page **10** of **21**

2025 VI Super 19U

invalid attempts at service do not undermine prior or subsequent valid service.[42] As such, a party should generally be given the opportunity to submit corrected proof of service, making denial of an unopposed motion for constructive service (or for entry of default) without prejudice the result most likely to be appropriate.[43] The Court will, therefore, strictly analyze the record and determine whether the proof of service submitted establishes prima facie proof of Due Diligence in order to determine if there is a **failure of proof** of service (**or** a total **failure to act** with Due Diligence).

## A. General Requirements of Service of Process—Disinterested Non-party

**¶11**    Both statutes and Court rules establish various requirements to accomplish service of process, e.g., the person serving process must be both "not a party" and "disinterested."[44] Therefore, a discussion of statutory *vis a vis* rule interpretation is necessary. The Court then considers the application of those statutes and rules to the present record.

### i.    Principals and Cannons of Interpretation—Court Rules and Statutes

**¶12**    Generally, Court rules and statutes are interpreted by the same method, although rules are interpreted more flexibly with a focus on the rule's purpose in achieving a trial for the truth to meet the ends of justice. "[A]ll endeavors of . . . interpretation begin with a thorough consideration

---

[42] *Daley-Jeffers*, 69 V.I. at 940–41 (Plaintiff "timely remedied [their] initially deficient service.").

[43] It is possible that extreme situations may arise where a plaintiff engages in extreme delay without informing the court of efforts to serve process or repeatedly fails to complete service of process that may warrant dismissal with prejudice. However, no such facts are presented here. *See generally Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713-16 (2010) ("Therefore, because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP 4(m).").

[44] *See generally Palermo v. World Fresh Mkt., L.L.C.*, 72 V.I. 415, 427 (V.I. Super. Ct. 2020) ("Section 82(d) of title 4 of the Virgin Islands Code provides that, 'where the law, or the Virgin Islands Rules of Civil Procedure, does not specifically require process to be served by an *officer of the court*, process may be directed to and served by a disinterested person named therein.' Clearly, the law distinguishes between 'officers of the court' who can serve process and subpoenas, and 'disinterested persons authorized and sworn to the truth of the return.'" (quoting 4 V.I.C. § 82(d) (alterations omitted))).

2025 VI Super 19U

of the . . . language, the . . . design, and the object of and policy underlying the statute [or rule], controlled by a presumption that the ordinary meaning of the chosen words manifests the legislative intent [of the statute or purpose of the rule]. The 'plain language,' that is to say, 'the intended meaning of words and phrases is gleaned from linguistic indicators such as subject matter, context, structure, and placement.'"[45] This Court is to apply the "Dictionary Definition Rule," which requires that:

> the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.[[46]]

"No rule [or statute] should be read literally if such a reading is contrary to its objective. Although literal interpretation is favored, 'the intention prevails over the letter.' Indeed, this [C]ourt has noted that 'the surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose.' As Justice Roger Traynor stated, we need 'literate, not literal, judges.'"[47]

¶13    Importantly, Court rules "'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'"[48] "[C]ourts generally interpret rules of . .

---

[45] *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶63 (alterations and quotations omitted) (quoting *Willis*, 71 VI. at 824-25, 828-29)

[46] *Id.*, ¶66 (quoting *Greer*, 74 V.I. at 580 n.22).

[47] *Gov't of V.I. v. Knight*, 989 F.2d 619, 626–27 (3d Cir. 1993) (quoting 2A N. Singer, *Sutherland Statutory Construction* § 46.07, at 126 (5th ed. 1992); *Coco Bros., Inc. v. Pierce*, 741 F.2d 675, 679 (3d Cir.1984); R. Traynor, *Reasoning in a Circle of Law*, 56 Va. L. Rev. 739, 749 (1970), and citing *Viacom Int'l Inc. v. Federal Communications Comm'n*, 672 F.2d 1034, 1040 (2d Cir.1982); *Acosta v. Honda Motor Co.*, 717 F.2d 828, 831 (3d Cir.1983)); *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) ("[A]lthough literal interpretation of a statute is favored, the intention prevails over the letter,' and thus 'no statute should be read literally if such a reading is contrary to its objective.'" (alterations and internal quotations omitted) (quoting *Knight*, 989 F.2d at 626)).

[48] *Knight*, 989 F.2d at 626–27 (3d Cir. 1993) (quoting *Fallen v. United States*, 378 U.S. 139, 142 (1964), *abrogated on other grounds by Carlisle v. United States*, 517 U.S. 416, 424 (1996)).

2025 VI Super 19U

. procedure 'in light of the history of their adoption'."[49] Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding."[50] Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, "bending the rule and softening the harsh result dictated by its literal application."[51]

¶14    When interpreting and applying the Virgin Islands Rules of Civil Procedure, it must always be remembered that "[i]t is . . . entirely contrary to the spirit of the . . . Rules of Civil Procedure for decisions on the merits to be avoided based on such mere technicalities. 'The [Virgin Islands] Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'"[52] For example, "simplified 'notice pleading'[[53]] is

---

[49] *Corraspe v. People*, 53 V.I. 470, 481 (V.I. 2010) (citation omitted).

[50] V.I.R. Civ. P. 1; *see also* V.I. Super. Ct. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court. They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination f unjustifiable expense and delay.").

[51] *Knight*, 989 F.2d at 626 ("In *Fallen,* a pro se prisoner mailed a notice of appeal eight days after sentencing. Due to the infrequent prison mail pickup schedule, the notice did not reach the courthouse until five days later. The defendant thus failed to comply with the literal terms of the then effective Federal Rules of Criminal Procedure, which required a notice of appeal to be filed within ten days of sentencing. The Supreme Court nevertheless allowed the prisoner to proceed on the merits of the appeal because 'petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days.' The purpose of the notice requirement—compelling litigants to take all precautions to ensure that appeal notices promptly reach the courthouse—was not subverted . . . ." (quoting *Fallen,* 378 U.S. at 144)); *Nibbs v. People*, 52 V.I. 276, 286 (V.I. 2009) (per curiam))).

[52] *Toussaint v. Stewart*, 67 V.I. 931, 950–51 (V.I. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)).

[53] *See Id.*, 67 V.I. at 943 ("The Rules of the Superior Court, like the Federal Rules of Civil Procedure, are designed 'to secure the just, speedy, and inexpensive determination of every action . . . .'" (quoting *Foman*, 371 U.S. 178, 182)); *see generally Mills-Williams v. Mapp*, 67 V.I. 574, 584-85 (V.I. 2017) ("[T]his Court has expressly held, in both its oldest and newest decisions, that the *Twombly* standard does apply to proceedings in the Superior Court, at least until this Court determines otherwise. We recognize, of course, that this Court has in fact determined otherwise, in that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7. Significantly, Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.").

Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Ralph R. Bonner et. al.
Case No. ST-2025-CV-00097
Memorandum Opinion and Order
Page 13 of 21

2025 VI Super 19U

made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."[54] Simply, a trial is a search for the truth; and the court rules are to be interpreted and employed in the most efficient and cost effective manner to achieve that end.[55]

### ii. Plaintiff Failed to Submit Prima Facie Proof of Due Diligence

¶15 Process must be served by a disinterested non-party.[56] What this precisely requires in practice is not clear, and Plaintiff has not addressed this factually in its motion. The Court looks to jurisdictions containing a rule or statute with the same or similar language.[57]

---

[54] *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957) ("The Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of [the rules] is to facilitate a proper decision on the merits." (citing Fed. R Civ. P. 12(e) (motion for a more definite statement); 12(f) (motion to strike portions of the pleading); 12(c) (motion for judgment on the pleadings); 16 (pre-trial procedure and formulation of issue); 26—37 (depositions and discovery); 56 (motion for summary judgment): 15 (right to amend); *cf. Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938))). In federal courts, *Conley* was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, this does not apply in the Virgin Islands, as this is a notice pleading jurisdiction. *Mills-Williams*, 67 V.I. at 584–85.

[55] This approach to construction and application of the Virgin Islands Rules of Civil Procedure is reinforced by the strong preference for decisions based upon the merits of a matter. *See generally Skepple*, 69 V.I. at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (collecting cases)).

[56] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[57] The following are cases interpreting as persuasive authority similar or identical language in statutes or court rules intended to achieve the same purpose establishing the appropriate understanding and application of rules or statutes. *See generally Gov't of V.I. v. George*, 2025 VI 6, §19 n.8 ("Given that the local Rule 24(a)(2) mirrors its federal counterpart, the standard delineated under the federal rule is persuasive when local Rule 24(a)(2) is construed and applied." (citing *Browne v. People*, 74 V.I. 601, 613 (V.I. 2021); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 869 (V.I. 2018))); *Browne*, 74 V.I. at 613 (concluding that where a Virgin Islands court rule "is identical to its federal counterpart," federal opinions construing and applying the federal rule are "of inherently persuasive, although not necessarily compelling, force" when construing and applying the Virgin Islands' local rule) (quoting *State v. Fuller*, 374 N.W.2d 722, 727 (Minn. 1985) and citing *People v. Ventura*, Case No. SX–2012–cr–076, 2014 WL 3767484 (V.I. Super. Ct. July 25, 2014) (unpublished)); *Yearwood Enterprises.*, 69 V.I. at 869 (observing that the Court "is mindful that decisions of federal courts interpreting a rule of federal procedure represent persuasive rather than binding authority in the context of th[e] ... interpretation of an identical Virgin Islands rule"); *Wallace*, 71 V.I. at 718 n.3 ("[T]his Court treats decisions from other jurisdictions construing statutes that feature language substantially similar to the language used in a Virgin Islands statute as persuasive authority only." (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 2996 (V.I. 2014))); *Id.* at 767 n.36 (Swan, J., concurring) ("Absent evidence that the Legislature of the Virgin Islands adopted a statute from a specific jurisdiction, decisions from jurisdictions

2025 VI Super 19U

¶16 The requirement contained in Virgin Islands Rule of Civil procedure 4(c)(2) that service be made by a non-party has, in jurisdictions having a rule with the same language, been extended to methods of substitute service, such as service by mail.[58] This requirement that service be made by a person who is "not a party" has been further interpreted to be satisfied if service is made by a party's counsel (or someone employed by counsel).[59] But, the Virgin Islands Supreme Court has not held either that 1) agents of a party, such as their lawyer, are a non-party within the meaning of Rule 4(c)(1) or 2) agents of a party are "disinterested" within the meaning of section 82(d) of title 4 of the Virgin Islands Code or 3) a violation of either 4 V.I.C. § 82(d) or V.I.R. Civ. P. 4(c)(1)[60] constitute a defect rendering service of process void (as opposed to being merely a

interpreting statutes with like purposes and similar langue are considered persuasive." (citing *Rivera-Moreno*, 61 V.I. at 296; *Chinnery v. People*, 55 V.I. 508, 519 n.6 (V.I. 2011); *Bryan v. Fawkes*, 61 V.I. 416 (V.I. 2014)); *Ottley v. Est. of Bell*, 61 V.I. 480, 495 n.10 (2014) ("When statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look for guidance at how that jurisdiction's courts have interpreted the similar statute. (citing *Nicholas v. People*, 56 V.I. 718, 734-35 (V.I. 2012); *In re Disbarment of Plaskett*, 56 V.I. 441, 447 (V.I. 2012); *Brady v. Cintron*, 55 V.I. 802, 815-16 (V.I. 2011))); *Brady*, 55 V.I. at 813 n.12 ("This interpretation of 27 V.I.C. § 166d(a) is consistent with how other courts have interpreted the Virgin Islands Medical Malpractice Act, as well as Indiana's Medical Malpractice Act, which contains a statute of limitations section with almost identical language.").

[58] *Constien v. United States*, 628 F.3d 1207 (10th Cir. 2010); *see also Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 n.2 (6th Cir. Mar. 1, 2023) (unpublished) (citing *Constien*, 628 F.3d 1207); *Morelock v. Katz*, No. 22-2074, 2022 WL 17850365, at *1 (4th Cir. 2022) (per curiam) (unpublished) (citing *Constien*, 628 F.3d 1207); *Shabazz v. City of Houston*, 515 Fed. Appx. 263, 264 (5th Cir. 2013) (per curiam) (unpublished) ("Fed. R. Civ. P. 4(c)(2) also prohibits service by a party." (citing *Shabazz v. White*, 301 Fed. Appx. 316, 317 (5th Cir.2008) (per curiam); *Constien*, 628 F.3d at 1213-14; *Dumas v. Decker*, 556 Fed. Appx. 514, (7th Cir. 2014) (unpublished) (citing *Constien*, 628 F.3d at 1217).

[59] *Dornbush v. C.I.R.*, 901 F.2d 1130 (D.C. Cir. 1990); *McGowen v. Second Judicial District Court*, 432 P.3d 220, 737-38 (Nev. 2018) ("At the time Nevada amended its rules in 2004, federal courts were already interpreting its rule as allowing service of process by a plaintiff's attorney." (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988); *Jugolinija v. Blue Heaven Mills, Inc.*, 115 F.R.D. 13, 15 (S.D. Ga. 1986))).

[60] Because court rules are generally not jurisdictional, it is highly questionable that the non-party requirement contained in V.I. Rule of Civil Procedure 4(c)(1) renders a judgment void. *See generally In re Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) (courts rules not jurisdictional); *Crooke*, 54 V.I. at 254 ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." (citations omitted)).

2025 VI Super 19U

procedural error making service of process voidable by a defendant's Rule 12(b)(5) motion to dismiss for lack of service of process).[61]

¶17 Further, while not containing language expressly making this requirement jurisdictional, the requirement in section 82 of title 4 of the Virgin Islands Code that process must be served by a "disinterested person" requires more substantial analysis.[62] Whatever the intended application of this section of the Virgin Islands Code, Plaintiff bears the initial burden of proving service of process, including service by a disinterested nonparty. The Court will consider whether this initial burden has been satisfied.

¶18 Regarding the contents of the proffered proof of attempted service in Michigan, there is an absence of any factual statements about a lack of relationship between those who attempted service and Plaintiff. In contrast, the Florida process server indicated they were over 18, a certified process server, and had no interest in the litigation.

¶19 However, the proffered proof of attempted service of process and Due Diligence does not contain any explicit statements that those who attempted service were not employed by, officers or directors of, or shareholders/members in the Plaintiff. A declaration of a lack of interest in the

---

[61] *Skepple*, 60 V.I. at 733 n.26 (explaining the distinction between errors rendering a judgment void versus voidable).
[62] *See generally Willis*, 71 V.I. at 832–33 (Swan, J., Concurring) ("If faced with the task of interpreting statutes providing time limits and other limitations that could be understood to limit a court's jurisdiction, its very power to act, statutory requirements should only be held to be jurisdictional if there is a clear indication the legislature intended the statutory provision to operate as a limitation on the court's adjudicatory capacity—the jurisdictional intent must be clear. Determining jurisdictional intent requires that the statutory language be considered for the meaning of the express text considering the context in which it is located and relevant historical treatment. When there is no clear label, then courts consider the structure of the statute and whether long-standing judicial precedent 'compels the conclusion' that the statute imposes a jurisdictional limit. If the express language unambiguously prescribes the jurisdictional limits, no further inquiry is necessary." (citing *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 602 (V.I. 2011); *Brooks.*, 58 V.I.at 424; *Brady*, 55 V.I. at 815)). In light of the statutory history of parties being authorized to serve process recited in *Constien*, it seems unlikely the "disinterested" person requirement "compels the conclusion" the limitation in section 82(d) of title 4 of the Virgin Islands Code governs this Court's adjudicatory compacity. However, further research into the legislative history of this provision is necessary before any conclusion can be drawn as to legislative intent.

Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Ralph R. Bonner et. al.
Case No. ST-2025-CV-00097
Memorandum Opinion and Order
Page 16 of 21

2025 VI Super 19U

litigation goes a long way to proving "disinterest." But, for example, even though an employee does not necessarily have any legal interest in their employer's lawsuit, an employee does have an interest in their employer's success. As such, an employee, while not having an interest in a lawsuit, is likely not disinterested. Juridical persons[63] can only act through human beings;[64] and based upon the present factual record, Plaintiff has failed to factually eliminate all possible sources of interested persons. Plaintiff has submitted inadequate proof of Due Diligence in seeking to serve Defendants by either personal or substitute service. Because a Plaintiff must strictly prove Due Diligence to be granted permission to provide legal notice through constructive service, the present evidence does not establish prima facie proof of Due Diligence.[65]

¶20   The present proof does not provide sufficient factual support to conclude that attempted service of process was made by someone who was both not a party and disinterested. This is a failure to prove Due Diligence in strict compliance with section 112 of title 4 of the Virgin Islands Code.[66] Because the present record does not establish strict compliance with section 112 of title 5 of the Virgin Islands Code, decision on the present motion is reserved; and an order will be entered

---

[63] *See generally Evans-Freke*, 75 V.I. at 434 (Swan, J., Concurring) (citing Black's L. Dict., 1258 (defining "juridical person")).

[64] *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012) ("[W]e recognize the principle that [juridical persons] may only act through their agents . . . ." (citing *Tavarez v. Klingensmith*, 372 F.3d 188, 191–92 (3d Cir. 2004)); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 707 (V.I. 2014) (Juridical persons, "separate and apart from the human beings who own, run, and are employed by them, cannot do anything at all."); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 167 (1988) ("[A] corporation is incapable of doing anything except through the agency of human beings . . ." (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978))).

[65] This decision is limited to the facts presented—an unopposed motion seeking leave to provide legal notice by constructive service. Whether strict compliance with section 82(d) of title 4 of the Virgin Islands Code is required when personal or substitute service are employed is not addressed.

[66] Even in instances involving personal or substitute service where the burden of compliance is not subject to strict scrutiny, if plaintiffs wish to avoid challenges to any default judgment they might obtain, best practices dictate that proof of service must include factual statements establishing that the process server was both not a party and disinterested.

directing Plaintiff to either submit prima facie proof of Due Diligence or otherwise complete service of process.[67]

## B. Prerequisites of Constructive Service of Process—Due Diligence

¶21    "Implicit in any [D]ue [D]iligence analysis under section 112 [of title 5 of the Virgin Islands Code] is that the plaintiff will make a prima facie showing that, after reasonable effort, neither personal service nor other methods of substitute service could be achieved wherever the defendant may be."[68] Reasonable efforts are those actions by a plaintiff (considered in light of the information available to them) that indicate an actual intent to give actual and legal notice to the defendant.[69]

¶22    Section 112 of title 5 of the Virgin Islands Code authorizes constructive service by publication only when "a plaintiff present[s] prima facie evidence showing the following: (1) that a duly diligent effort to obtain personal service upon the defendant(s), using the methods prescribed in Federal Rule of Civil Procedure 4, was made; (2) failing to achieve successful personal service under the methods prescribed by Rule 4, that a duly diligent effort to provide legal notice to the defendant was made such that the efforts clearly indicate a plaintiff desirous of

---

[67] The record does not present the issue of whether these requirements constitute prerequisites the failure of which render a judgment voidable upon a defendant's timely motion or whether they are prerequisites of constitutional proportion the failure of which render a judgment void. Therefore, the Court avoids this determination until there are parties on both sides of the issue who can submit arguments. The present ruling is narrow and limited to a failure to prove Due Diligence in strict compliance with 5 V.I.C. § 112 to justify constructive service.

[68] *Skepple*, 60 V.I. at 738 (citing 5 V.I.C. § 112; *Settlemier v. Sullivan*, 97 U.S. (7 Otto) 444, 448 (1878)).

[69] *Id.* at 728-29 ("In order for legal notice to comply with the requirements of due process and support the exercise of personal jurisdiction over a defendant at the outset of a lawsuit—considering the totality of the circumstances—the notice must be reasonably calculated to apprise the interested party of the pendency of the case and afford the party a genuine opportunity to present the party's objections, such that the notice must reasonably convey all required information and likewise afford a reasonable time for the party to make an appearance and present such objections. Additionally, the service must be directed to those people and at those locations known to, and reasonably discoverable by, the plaintiff, such that the efforts at service demonstrate that the plaintiff was "desirous of actually informing the absentee" defendant." (citations omitted)).

2025 VI Super 19U

actually informing the defendant(s) of the litigation; and (3) that the defendant cannot be served by any of the foregoing methods . . . ."[70] When a Plaintiff requests leave to effectuate legal notice by constructive service (i.e., service by publication), such permission should only be given upon strict compliance with the authorizing statute.[71] "Where the proof of service fails to establish the statutory pre-requisites that justify the trial court's authorization of constructive service, the court has no personal jurisdiction."[72]

¶23 "Due process dictates that a plaintiff expend 'reasonably diligent efforts' to identify and serve 'reasonably ascertainable parties' whose interests in the lawsuit are not merely conjectural,"[73] and "an assessment of [Du]e [D]iligence must be made from a practical standpoint and in a commonsense manner, without rigid adherence to any mechanical formula."[74]

¶24 "Generally speaking, [D]ue [D]iligence is 'such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard but depending on the relative facts of the special case.' [R]easonable diligence [i]s 'a fair, proper and due degree of care and acting, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.' 'To demonstrate

---

[70] *Id.* at 738 (citing 5 V.I.C. § 112); *see also Id.* at 738 (citing *American Lnd. Co. v. Zeiss*, 219 U.S. 47, 66 (1911) (noting that the statute "provide[s] every reasonable safeguard for the protection of the rights of unknown claimants and to give such notice as under the circumstances would be reasonably likely to bring the fact of the pendency and the purpose of the proceeding to the attention of those interested.")).

[71] *Id.* at 734-35 ("[W]hen constructive service is employed, determining whether an attempt at service constitutes legal notice depends upon strict compliance with the requirements of the method of constructive service, and whether a party has complied with the statutory requirements is subject to strict scrutiny." (citing *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 453 (1836); *Cheely v. Clayton*, 110 U.S. 701, 706-07 (1884). *Mulrain v. Mulrain*, 15 V.I. 149, 151 (D.V.I. App. Div. 1979))).

[72] *Id.* at 731 (citations omitted).

[73] *Id.* at 739 (citations omitted).

[74] *Id.* at 740 (citations omitted).

reasonable diligence, a plaintiff must establish that [they[75]] pursued the issue with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'"[76] This necessarily requires reasonably diligent efforts to identify reasonably ascertainably addresses and localities where a defendant might reasonably be located and further requires reasonably diligent efforts to achieve either personal or substitute service at those addresses in those localities.

¶25 An obvious deficiency in proof of service of process is the lack of anything from the Michigan process serving company that constitutes an affidavit. Absent either a notary block or a declaration compliant with Virgin Islands Rule of Civil Procedure 84, these are unsworn statements not constituting evidence of attempted service of process. However, while a failure of proof of service of process could easily be corrected through submission of a new affidavit, a more fundamental failure is also evident in the record.

¶26 As to Ralph, section 112's requirements that plaintiff provide proof "(1) that a duly diligent effort to obtain personal service upon the defendant(s), using the methods prescribed in Federal Rule of Civil Procedure 4, was made; [and] (2) failing to achieve successful personal service under the methods prescribed by Rule 4, that a duly diligent effort to provide legal notice to the defendant was made such that the efforts clearly indicate a plaintiff desirous of actually informing the defendant(s) of the litigation," have not been satisfied. In addition to the 107 Saint John's Court address in Satsuma, Florida where service was attempted, a physical address for Ralph in Satsuma

---

[75]*See generally Evans-Freke*, 75 V.I. at 462 ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[76] *Skepple*, 60 V.I. at 741 (alterations, quotations, and citations omitted).

FL (227 Hermits Dr. Satsuma, FL 32189) is listed; but there is no evidence any attempt was ever made to personally serve Ralph at this address. Further, a PO Box in Satsuma, Florida is also listed. Yet, there is no evidence that Plaintiff attempted substitute service by mail at this address. Finally, nothing indicates that Plaintiff attempted to give actual notice to Ralph at any of the email addresses listed.[77] These are not actions demonstrating an actual intent to provide both actual and legal notice to Ralph.

¶27 As to Marsha, similar issues are evidenced on the face of the record. Marsha is listed as having addresses in Andover, Maryland; Concord, Michigan; and Fayetteville, Georgia within the past five years. However, Plaintiff provides no evidence of attempted personal or substitute service at any of these addresses. And, like with Ralph, nothing indicates any attempt to give actual notice by email.

¶28 The record evidence fails to establish an exercise of Due Diligence by Plaintiff to provide both actual and legal notice (whether by personal or substitute service). However, it is unclear

---

[77] The Court acknowledges that "actual notice of a lawsuit is not a substitute for legal notice, but actual notice likely justifies a discretionary extension of time if a defendant avoids service or conceals a defect in process or attempted service." *Id.* at 732 n.24; *see Beachside Assoc*, 53 V.I. at 716 ("[A] trial court, after finding that good cause does not exist for a mandatory extension, must consider whether any additional factors warrant granting a permissive or discretionary extension of time." (citations omitted)); *Daley-Jeffers*, 69 V.I. at 941 ("Generally, where service of process is insufficient, courts allow a plaintiff the opportunity re-serve the defendant, provided that service is not futile." (citing *Gregory v. United States Bankr. Ct.*, 942 F.2d 1490, 1500 (10th Cir. 1991))); *e.g.*, *Joseph-Smith v. World Fresh Mkt., LLC*, 2023 VI SUPER 29U, ¶ 16 (V.I. Super. June 2, 2023) ("[T]he Court finds that a discretionary extension on the time to serve is warranted in the interest of justice. In addition, it is not futile to allow the untimely service of Santo and Maritza. (citing *Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018))); *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 221 (V.I. Super. Ct. 2019) ("Therefore, because Fluor was served, albeit late, and because Fluor had notice of the McKenzies' claims, the Court must deny Fluor's motion and grant the McKenzies a discretionary extension."). Further, where a Defendant has actual notice, actions taken in response to attempted service often take on a clearer meaning when considering if a defendant has been avoiding service of process. And, avoiding service of process has legal consequences that can relieve a plaintiff of the obligation to engage in further attempts to provide legal notice. *See generally Skepple*, 69 V.I. at 732 & n.24 ("[A]ctual notice of a lawsuit is not a substitute for legal notice, but actual notice likely justifies a discretionary extension of time if a defendant avoids service or conceals a defect in process or attempted service." (citing *Ross v. Hodge*, 58 V.I. 292, 310 (V.I. 2013); *Beachside Assocs.*, 53 V.I. at 711). Therefore, efforts to email a defendant are relevant to whether an extension of time should be granted and whether a defendant has waived service of process by actively avoiding it.

2025 VI Super 19U

whether this is a failure of service of process or a failure to submit the necessary proof of service of process. As such, the best course of action is to reserve ruling and order Plaintiff to either submit supplement evidence of Due Diligence or to take such actions that in fact demonstrate Due Diligence.

## CONCLUSION

¶29 The attempted proof of service does not constitute evidence of service of process and further fails to provide sufficient evidence to satisfy the requirement of Due Diligence in Plaintiff's efforts to provide service that constitutes both legal and actual notice. Absent proof of such efforts, the statutory prerequisites of 5 V.I.C. § 112 are not met; and the method of substitute service provided therein cannot be employed. Accordingly, it is hereby

**ORDERED** that Plaintiff shall, within 60 days of entry of this order, submit either corrected prima facie proof of compliance with 5 V.I.C. § 112 or otherwise complete service of process, whether personal or substituted service, upon Defendants Ralph and Marsha Bonner; and it is further

**ORDERED** that Plaintiff may submit briefing addressing either law or fact or both in justification of the actions taken in response to this Order; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: August 7, 2025

Honorable Sigrid M. Tejo
Judge of the V.I. Superior Court

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor  08 / 07 / 2025