# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-20840
Summary Calendar

AHMED S SHABAZZ, also known as Clarence M Hines

Plaintiff-Appellant

v.

BILL WHITE, City of Houston; HAROLD HURTT, Chief of Police; TOMMY THOMAS, Sheriff of Harris County

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3509

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Ahmed S. Shabazz, also known as Clarence M. Hines, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his civil rights complaint and granting a defendant's summary-judgment motion. By moving for leave to proceed IFP, Shabazz is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shabazz contends in a cursory manner that the district court erred by refusing to grant a default judgment against all defendants. Certified mail from Shabazz did not constitute proper service on the defendants under federal or Texas service rules. See Delta Steamships Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir. 1985). A default judgment would have been unwarranted on this basis. See Harper Macleod Solicitors v. Keaty & Keaty. 260 F.3d 389, 393 (5th Cir. 2001). Moreover, Sheriff Tommy Thomas responded to the complaint and obtained a summary judgment, so a default judgment was unavailable against him. See FED. R. CIV. P 55(a). Even had service been proper, Shabazz was not entitled to default judgments as a matter of right on his unsupported claims. See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001).

Shabazz asserts that summary judgment was improper and that the district court should have imposed sanctions on Sheriff Thomas's attorney under FED. R. CIV. P 11. Shabazz waived any appeal of these issues by failing to provide any substantive argument concerning them in his brief. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). In any event, he fails to identify any basis for sanctions, and his "conclusory allegations" do not defeat summary judgment. Little v. Liquid Air Corp., 37 F.3d 1069, 1075(5th Cir. 1994)(en banc). Moreover, Shabazz failed to state a cause of action based on anything other than vicarious liability for which relief is unavailable under 42 U.S.C. § 1983. See Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006).

Shabazz has failed to identify any nonfrivolous ground for appeal. His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).