# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2013

No. 12-20312
Summary Calendar

Lyle W. Cayce
Clerk

AHMED S. SHABAZZ, also known as Clarence M Hines,

Plaintiff - Appellant

v.

CITY OF HOUSTON; ANNISE PARKER; ADRIAN GARCIA; J. B. SMITH;
HARRIS COUNTY; SMITH COUNTY; GREG ABBOTT; TROY P. MARTIN;
DONNA BORDEN; UNITED STATES OF AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1125

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pro se Plaintiff-Appellant Ahmed Shabazz filed a civil rights complaint against the United States and various Texas government officers and entities, seeking money damages. The defendants separately moved to dismiss Shabazz's claims under Rule 12(b)(4) and (5) for insufficient process and insufficient service of process, arguing that Shabazz himself mailed summonses to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20312

defendants. *See* Fed. R. Civ. P. 4(c)(2) (service can be effected by "[a]ny person who is . . . not a party"). Shabazz responded that service was proper, but provided no evidence supporting this contention. He also argued that no defendant was prejudiced by improper service, and that he could correct deficient service. Eight months after Shabazz responded, the district court issued an order that, fairly read, granted the defendants' motions. The court denied all other pending motions as moot.

We review the dismissal of a complaint for improper service under the abuse of discretion standard. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Id.*

On appeal, Shabazz relies on Rule 4(e)(1), which permits a plaintiff seeking to serve process in a federal action to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Although Texas law permits service to be effected through certified mail, a person who is a party to the suit cannot serve process. *See* Tex. R. Civ. P. 103, 106(a)(2); *Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985). As noted above, Fed. R. Civ. P. 4(c)(2) also prohibits service by a party. *See Shabazz v. White*, 301 F. App'x 316, 317 (5th Cir. 2008) (per curiam) ("Certified mail from Shabazz did not constitute proper service on the defendants under federal or Texas service rules."); *see also Constien v. United States*, 628 F.3d 1207, 1213–14 (10th Cir. 2010) (Rule 4(c)(2) "contains no mailing exception to the nonparty requirement for service").

Shabazz presented no evidence that someone other than himself served the defendants, and did not seek to correct deficient service despite having ample opportunity after being alerted to the mistake. Because service was thus

invalid, and Shabazz failed to show good cause, the district court did not abuse its discretion by dismissing his complaint.

Shabazz also challenges the district court's denial of his motion for sanctions and request for a default judgment, both of which decisions we review for abuse of discretion. *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir. 2011) (per curiam); *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). In the absence of valid service, the district court did not err in denying these motions.

Shabazz further argues that the district court improperly dismissed his claims against the United States on improper-service grounds because the United States did not raise an improper-service argument below. Nonetheless, dismissal was proper because subject matter jurisdiction does not exist as to these claims. Absent a valid waiver, the United States has sovereign immunity against suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity presents a question of subject matter jurisdiction, which we have an independent obligation to examine. *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995). We can find no authority or record evidence suggesting that the United States has waived its immunity against Shabazz's claims for constitutional torts or violations of his "universal human rights." *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (United States has not waived immunity against constitutional tort claims under the Federal Tort Claims Act); *Price*, 69 F.3d at 49 (a sovereign immunity waiver is to be construed narrowly).

For the foregoing reasons, we AFFIRM.