IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS


**FILED**
February 27, 2026 03:06 PM
ST-2025-CV-00376
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| VANESSA WILLIAMS-MACTAVIOIUS, )<br>**In her capacity as Administrator[1] of the** )<br>**Estate of Pauline Lornette Sharry,** )<br>**f/k/a Pauline L. Sharry, f/k/a** )<br>**Pauline Sharry,** ) | **CASE NO. ST-2025-CV-00376** | |
| ) | | |
| Plaintiff, ) | **ACTION FOR** | |
| ) | **WRONGFUL DEATH; DAMAGES** | |
| v. ) | | |
| ) | | |
| **KEITH A. WILLAIMS,** ) | **JURY TRIAL DEMANDED** | |
| ) | | |
| Defendant. )<br>) | | |

**2026 VI Super 9U[2]**

**KELSHA P. WILLIAMS, ESQUIRE**
**LAW OFFICES OF KELSHA P. WILLIAMS**
**St. Thomas, VI**
*Counsel for Plaintiff, Vanessa Williams-Mactavious, Administrator of Estate of Pauline Sharry*

**KEITH A. WILLIAMS**
**St. Thomas, VI**
*Pro Se*

---

[1] Pursuant to Virgin Islands Rule of Civil Procedure 15-2, the Court is ordering an administrative amendment of the caption of the pleadings to reflect that this is a wrongful death action in which the decedent cannot be "also known as" because they are, in fact, deceased. As such, a decedent is properly captioned as "formerly known as." Also, the antiquated use of gendered terminology serves no useful purpose. An "Administrator" is "a person appointed by the court to manage the assets and liabilities of an intestate decedent." BLACK'S LAW DICTIONARY 49 (8th ed. 2004). It is entirely unclear to the Court why it is material to this litigation (or any litigation that can be conceived) that the person appointed by a probate court to manage an intestate's estate does (or does not) have a vagina. The term administrator "once referred to males only" but the law and legal profession have long since used the term "administrator to refer to someone of either sex." *Id.*

[2] The present opinion has been designated unpublished for several reasons. Significantly, there is a lack of precedent addressing whether service by a disinterested person constitutes a requirement the violation of which is a fundamental error rendering any default judgment void (or whether such error is merely voidable upon a party's motion). There is also an absence of precedent as to what constitutes a conclusory affidavit versus what is adequate content of historic facts to establish prima facie proof. Further, due to the procedural posture, there is no opposing party, which leaves the Court without the benefit of briefing from opposing viewpoints and the accompanying explication of the law. While no single decision of a Judge of the Superior Court is binding upon another judge, stare decisis dictates that the same judge follow prior precedent when presented with materially indistinguishable facts. However, this Judge is hesitant to bind itself with its own precedent without the benefit of the sort of complete briefing that occurs when there are opposing parties.

2026 VI Super 9U

## MEMORANDUM OPINION AND ORDER

**¶1** **THIS MATTER** is before the Court on Plaintiff's "Motion for Entry of Default," filed February 24, 2026, and the affidavit[3] of the process server in support thereof. For the following reasons, ruling on the motion is deferred; and Plaintiff is ordered to, within 30 days, submit amended proof of service and/or proof of subsequent complete service of process.

### BACKGROUND

**¶2** On November 7, 2025, Plaintiff, Vanessa Williams-Mactavious, Administrator of the Estate of Pauline Sharry, commenced[4] this action. The caption of the complaint asserts a claim for "Wrongful Death."[5] However, the claims in the body of the complaint are Count I "Negligence" and Count II "Negligence *Per Se*."[6]

**¶3** On February 24, 2026, Plaintiff filed the present motion and attached thereto as Exhibit A the process server's affidavit of service. As to timing of service, in addition to declaring the dates the summons and complaint were received, the server declares that the Defendant was served with

---

[3] The Virgin Islands Supreme Court has eliminated the requirement of obtaining a notary. Rather, a person can declare under penalty of perjury; and it has the same effect. V.I.R. Civ. P. 18

[4] V.I.R. Civ. P. 3 (action commenced with filing complaint).

[5] Compl., pp. 1.

[6] Both the caption and Count III purport to assert a claim for "damages." However, there is no cause of action for damages. Damages are what are awarded as compensation when a cause of action/claim is proved by the evidence introduced by the part asserting that claim/cause of action. *See generally* BLACK'S LAW DICATOINARY 416 (8th ed. 2004) ("damages" a plural noun defined as "money claimed by, or ordered to be paid to, a person as compensation for lass or injury <the plaintiff seeks $8,000 in damages from defendant."); see also id. ("'Damages are the sum of money which a person wronged is entitled to receive from the wrongdoer as compensation for the wrong." (quoting Frank Gahan, The Law of Damages 1 (1936))); *Bertrand v. Mystic Granite & Marble, Inc.*, 63 V.I. 772, 783 n.6 (V.I. 2015) ("[A] request for punitive damages is not an independent cause of action. Thus, consideration of punitive damages is not appropriate at summary judgment and must only be determined if Mystic and Abaco are found liable for Bertrand's death." (citing *Molloy v. Indep. Blue Cross,* 56 V.I. 155, 176 n.5 (V.I. 2012))); *e.g.*, *Atl. Hum. Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 621 (V.I. 2022) ("As a threshold matter, a claim that a plaintiff failed to introduce sufficient evidence to sustain a compensatory damage award is necessarily different from other challenges to the amount of damages. Since compensatory damages are often an element of a cause of action, the failure of the plaintiff to introduce sufficient evidence to prove damages will result in dismissal of the cause of action and judgment entered in favor of the defendant, just as would be the case with respect to the failure to prove any other element." (citing, *Estevez v. Skorishchenko*, 943 N.Y.S.2d 791, 791 (N.Y. App. Div. 2011))).

both the summons and complaint "in hand" on December 31, 2025, at 9:18 a.m. at the Cyril E. King airport on St. Thomas. The server further declares that the person who accepted service in-hand "was an adult" who "appeared mentally competent" and had been identified as the Defendant in this matter.

**¶4**　　Regarding facts establishing competence to serve process, the process server declared under penalty of perjury that, *inter alia*, he is over 18, is a "duly appointed . . . Process Server for the Superior Court," is "not a party" to this action. Finally, the server declares that they are "not related to any of the parties" in this action.

## ANALYSIS

**¶5**　　The Court must ensure that the proper foundation for a valid "Final Judgment"[7] has been laid.[8] There are four requirements to a valid judgment: (1) subject matter jurisdiction, (2) personal

---

[7] *Skepple v. Bank of N.S.*, 60 V.I. 700, 732 (V.I. 2018) ("If the trial court never obtained personal jurisdiction over [the defendant], any default judgment issued pursuant to entry of default] is void and must be set aside as a matter of law; said differently, **the trial court lacks discretion to decline to set aside a judgment that is void.**" (emphasis added) (citing *Ernest v. Morris*, 64 V.I. 627, 638-39 (V.I. 2016))). As such, it is the best practice to examine whether there is subject matter jurisdiction and prima facie proof of service of process at the outset thereby avoiding future collateral attacks on any default judgment that may be entered. This approach is supported by the Virgin Islands Supreme Court's holding in *Skepple*, 60 V.I. at 733 (reviewing the record to determine whether prima facie proof of service failed on the face of the record and holding that courts lack discretion to deny a request to vacate a void judgment). *See generally Id.* at 714 & n.5 ("A 'Final Order' ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. The entry of a Final Order implicitly denies all pending motions, and all prior interlocutory orders merge with the Final Order." (citing *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.*, 62 V.I. 728, 731 (V.I. 2015); *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) and citations in footnote)); *Penn v. Mosley*, 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson*, 67 V.I. 861, 871-72 (V.I. 2017) (same); *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 249-52 (V.I. 2010) (adopting Collateral Order rule for establishing a Final Judgment); *e.g.*, *Demming v. Demming*, 66 V.I. 502, 506 (V.I. 2017) (holding that a divorce decree is a final judgment); *Cianci v. Chaput*, 68 V.I. 682, 688 (V.I. 2016) (quoting *Matter of Estate of George*, 59 V.I. 913, 919 (V.I. 2013) ); *Williams v. People*, 58 V.I. 341, 347-48 (V.I. 2013) (holding that a stay of execution of judgment does not render an order non-final).

[8] *See Skepple*, 60 V.I. at 724 ("'[I]n all instances the jurisdiction of the court rendering the judgment may be inquired into, and . . . allow the defendant to show that the court had no jurisdiction over his person.' Therefore, even though [a defendant] has waived this argument, [the Court] must consider whether the default judgment was entered without the trial court having first obtained personal jurisdiction over [the defendant] because the issuance of a judgment by a court that has not obtained personal jurisdiction over a defendant is not a valid exercise of judicial power, and the judgment is premised on a fundamental error." (quoting *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 463 (1874), and citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 139 (1912))); *id.* at 722 ("Default

jurisdiction, (3) a judgment limited to issues and relief sought in the pleading, and (4) compliance

generally with due process (or said differently, the judgment is not otherwise void for lack of due

process).[9]  At this stage in the litigation, only the first two requirements are relevant.

### I.        Subject Matter Jurisdiction

¶6        The parties to a case cannot stipulate to the law;[10] and every Court has the obligation to

ensure it is only acting within its granted authority.[11]  Therefore, the Court first considers whether

this is anything in the record requiring this Court to refrain from acting.  Section 76 of title 4 of

the Virgin Islands Code provides that the Superior Court is a court of "general

jurisdiction."[12]  When the Legislature uses legal terminology, it is presumed the Legislature

understood and intended to incorporate any existing meaning and presumptions, as Legislatures

are presumed to know the law as it exists and legislate with that knowledge in mind.[13]  Courts of

---

judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (citations omitted)).

[9] *Id.* at 718; *see also Reynolds v. Stockton*, 140 U.S. 254, 268 (1891).

[10] *Davis v. People*, 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015))); *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished))).

[11] *Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute.  [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 279 (V.I. 2008))).

[12] *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 450–51 (V.I. 2021) (Swan, J., Concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

[13] *E.g.*, *Alexander v. Wilson*, 73 V.I. 528, 535 (V.I. 2020) (Plaintiff "was not required to preemptively plead in his initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA.  [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ." (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People,* 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells,* 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.,* 438 U.S. 422, 436 (1978); *Morisette v. United States,* 342 U.S. 246, 251-52 (1952))); *Baumann v. Pub. Emps. Relations Bd.,* 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike,* 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson,* 1 N.H 53, 55 (N.H.

2026 VI Super 9U

general jurisdiction are presumed to have subject matter jurisdiction over any matter before them.[14] There are certain exceptions to this presumption and laws that would, under specific conditions, require the Court to refrain from acting.[15]

¶7     The record does not facially and obviously reflect any facts giving rise to such an exception to this Court's general jurisdiction[16] or that would otherwise require the Court to refrain from acting. Further, there is nothing of public record that the Court is aware that might have divested subject matter jurisdiction or otherwise required the Court to refrain from addressing this matter. In the absence of an opposing party raising any specific challenge, the Court is satisfied that it is acting within its general jurisdiction.

---

1817); *Thurber v. Blackbourne,* 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.,* 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby,* 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People,* 60 V.I. 392, 404 (V.I. 2014)); *Brooks v. Gov't of the V.L,* 58 V.I. 417, 428 (V.I. 2013); *Henderson v. Shinseki,* 562 U.S. 428,435 (2011))); *Cascen,* 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I.at 445 (Swan, J., Concurring) ("Lastly, regarding consideration of context, legislatures are presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27*; United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann,* 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[14] *Willis v. People*, 71 V.I. 789, 818 (V.I. 2019) (Swan, J., concurring) ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly. This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence." (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))).

[15] *See generally, e.g.*, *Cianci*, 64 V.I. at 687–88 ("'Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court.'" (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases))).

[16] *Cf. Alexander*, 73 V.I. at 535 (In the Superior Court, a Plaintiff "need not plead jurisdictional facts until jurisdiction is properly drawn into question." (citation omitted)).

## II.        Service of Process[17]

**¶8**       "Due process protects the individual from coercion 'except by lawful judicial power.'"[18] "Because a court cannot have jurisdiction over a defendant unless that defendant . . . had legal notice, when the validity of a default judgment is being challenged, the first line of inquiry should be to ask 'whether the court in which the judgment by default was taken, ever had jurisdiction as to the defendant, so as to warrant the judgment entered against him by default'; 'no person can be bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy; that no person can be in default with respect to that which it never was incumbent upon him to fulfill.'"[19]  Such "[a] violation of due process rights will render a judgment void, and that judgment 'can have no force as to one on whom there has been no **service of process**, actual or constructive, who has had no day in court, and no notice of any proceeding against him.  That with respect to such a person, such judgment is absolutely void; he is no party to it and can no more be regarded as a party than can any and every other member of the community.'"[20]

---

[17] There are four aspects to a court's valid exercise of personal jurisdiction: (1) process, (2) service of process, (3) statutory minimum contacts, and (4) constitutional minimum contacts.  69 V.I. at 732 ("If the Superior Court is properly presented with **a challenge to personal jurisdiction**, whether **it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service**, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (emphasis added) (citations omitted)).  The present matter concerns only service of process.

[18] *Id.* at 724 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).

[19] *Id.* at 729 (quoting *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339 (1853), and citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)).

[20] *Id.* at 718 (quoting *Harris*, 55 U.S.at 339 (emphasis added)).

Williams-Mactavious v. Keith A. Williams.
Case No. ST-2025-CV-00376
Memorandum Opinion and Order
Page 7 of 16

2026 VI Super 9U

¶9    Absent waiver or consent, legal notice is achieved only through an authorized[21] method of service of process.[22]  Service of process must be made by a "disinterested" non-party who is 18 years old or older.[23]  "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule."[24]

¶10    A failure to adequately prove service is not the same as a failure of service of process; and a failure to prove service does not render legal notice void.[25]  Additionally, invalid attempts at

---

[21] The Court notes that, in *Skepple*, the V.I. Supreme Court recognized that there are instances when service by a method authorized by statute cannot be achieved (whether due to jurisdictional/legal barriers or a defendant's efforts to avoid service) requiring use of what could be described as service by necessity.  *See generally* 60 V.I. at 734 & n.27 (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (finding that service is effective when the server "pitched the papers through a hole in the screen door of [defendant's] apartment")).  Consideration of the full scope of an "authorized" method of service is not within the subject of this opinion.  *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1 ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.") (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)); *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[22] *Skepple*, 60 V.I. at 726 ("[U]nless a defendant has waived service, the defendant must either have consented to the particular method of service utilized or be served with process by a method that is authorized by law." (citing *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see generally id.* at 726-27 & nn.15-16 (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *Shriver Junior's Lessee v. Lynn*, 43 U.S. (2 How.) 43, 60 (1844)).

[23] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[24] *Skepple*, 60 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007–69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013–06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[25] V.I.R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see Daley-Jeffers v. Graham*, 69 V.I. 931, 940–41 (2018) ("Finally, this Court holds that the Superior Court's dismissal of Daley-Jeffers' claim for insufficient service of process amounted to an abuse of discretion. Daley-Jeffers' motion and exhibits filed in response to Graham's motion to dismiss for insufficient service of process clearly evidenced that she timely remedied her initially deficient service."  The failure to provide such proof to the Court previously was a failure of proof of service.).  "If the Superior Court is . . . presented with a challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge. A failure to hold an evidentiary hearing is an abuse of discretion."  *Skepple*, 69 V.I. at 732 (citations omitted).  However, where there is no factual dispute and the record plainly discloses

2026 VI Super 9U

service do not undermine prior or subsequent valid service.[26] As such, a party should generally be given the opportunity to submit corrected proof of service.[27] The Court will, therefore, strictly analyze the record and determine whether the proof of service submitted establishes prima facie proof of service of process in order to determine if there is a **failure of proof** of service (or a total failure to provide legal notice via service of process).

¶11      Both statutes and Court rules establish various requirements to accomplish service of process. For example, the Courts' rules require that the person serving process must be "not a party"; and a statute requires the process server be "disinterested."[28] Also, court rules place a 120-day time limit for completion of service of process. Therefore, a discussion of statutory *vis-à-vis* rule interpretation is necessary. The Court then considers the application of those statutes and rules to the present record.

---

a lack of proof of service of process, the Court is obligated to evaluate the record to determine whether service was adequate. *Id.*

[26] *Daley-Jeffers*, 69 V.I. at 940–41 (Plaintiff "timely remedied [their] initially deficient service.").

[27] It is possible that extreme situations may arise where a plaintiff engages in extreme delay without informing the court of efforts to serve process or repeatedly fails to complete service of process that may warrant dismissal with prejudice. However, no such facts are presented here. *See generally Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713-16 (2010) ("Therefore, because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP 4(m).").

[28] *See generally Palermo v. World Fresh Mkt., L.L.C.*, 72 V.I. 415, 427 (V.I. Super. Ct. 2020) ("Section 82(d) of title 4 of the Virgin Islands Code provides that, 'where the law, or the Virgin Islands Rules of Civil Procedure, does not specifically require process to be served by an *officer of the court,* process may be directed to and served by a disinterested person named therein.' Clearly, the law distinguishes between 'officers of the court' who can serve process and subpoenas, and 'disinterested persons authorized and sworn to the truth of the return.'" (quoting 4 V.I.C. § 82(d) (alterations omitted))).

2026 VI Super 9U

## A. Principles and Cannons of Interpretation—Court Rules and Statutes

¶12     Court rules and statutes are generally interpreted by the same method. Although, rules are interpreted more flexibly with a focus on the rule's purpose in achieving a trial for the truth to meet the ends of justice.

¶13     "[A]ll endeavors of . . . interpretation begin with a thorough consideration of the . . . language, the . . . design, and the object of and policy underlying the statute [or rule], controlled by a presumption that the ordinary meaning of the chosen words manifests the legislative intent [of the statute or purpose of the rule]. The 'plain language,' that is to say, 'the intended meaning of words and phrases is gleaned from linguistic indicators such as subject matter, context, structure, and placement.'"[29] This Court is to apply the "Dictionary Definition Rule," which requires that:

> the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.[[30]]

"No rule [or statute] should be read literally if such a reading is contrary to its objective. Although literal interpretation is favored, 'the intention prevails over the letter.' Indeed, this [C]ourt has noted that 'the surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose.' As Justice Roger Traynor stated, we need 'literate, not literal, judges.'"[31]

---

[29] *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶63 (alterations and quotations omitted) (quoting *Willis*, 71 VI. at 824-25, 828-29)

[30] *Id.*, ¶66 (quoting *Greer*, 74 V.1. at 580 n.22).

[31] *Gov't of V.I. v. Knight*, 989 F.2d 619, 626–27 (3d Cir. 1993) (quoting 2A N. Singer, *Sutherland Statutory Construction* § 46.07, at 126 (5th ed. 1992); *Coco Bros., Inc. v. Pierce,* 741 F.2d 675, 679 (3d Cir.1984); R. Traynor, *Reasoning in a Circle of Law,* 56 Va. L. Rev. 739, 749 (1970), and citing *Viacom Int'l Inc. v. Federal Communications Comm'n,* 672 F.2d 1034, 1040 (2d Cir.1982); *Acosta v. Honda Motor Co.,* 717 F.2d 828, 831 (3d Cir.1983)); *Gilbert*

¶14    Importantly, Court rules "'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'"[32]  "[C]ourts generally interpret rules of . . . procedure 'in light of the history of their adoption'."[33]  Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding."[34]  Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, "bending the rule and softening the harsh result dictated by its literal application."[35]

¶15    When interpreting and applying the Virgin Islands Rules of Civil Procedure, it must always be remembered that "[i]t is . . . entirely contrary to the spirit of the . . . Rules of Civil Procedure for decisions on the merits to be avoided based on such mere technicalities.  'The [Virgin Islands] Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

---

*v. People*, 52 V.I. 350, 356 (V.I. 2009) ("[A]lthough literal interpretation of a statute is favored, the intention prevails over the letter,' and thus 'no statute should be read literally if such a reading is contrary to its objective.'" (alterations and internal quotations omitted) (quoting *Knight,* 989 F.2d at 626)).

[32] *Knight*, 989 F.2d at 626–27 (3d Cir. 1993) (quoting *Fallen v. United States,* 378 U.S. 139, 142 (1964), *abrogated on other grounds by Carlisle v. United States,* 517 U.S. 416, 424 (1996)).

[33] *Corraspe v. People*, 53 V.I. 470, 481 (V.I. 2010) (citation omitted).

[34] V.I.R. Civ. P. 1; *see also* V.I. Super. Ct. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court.  They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination f unjustifiable expense and delay.").

[35] *Knight*, 989 F.2d at 626 ("In *Fallen,* a pro se prisoner mailed a notice of appeal eight days after sentencing.  Due to the infrequent prison mail pickup schedule, the notice did not reach the courthouse until five days later.  The defendant thus failed to comply with the literal terms of the then effective Federal Rules of Criminal Procedure, which required a notice of appeal to be filed within ten days of sentencing.  The Supreme Court nevertheless allowed the prisoner to proceed on the merits of the appeal because 'petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days.'  The purpose of the notice requirement—compelling litigants to take all precautions to ensure that appeal notices promptly reach the courthouse—was not subverted . . . ." (quoting *Fallen,* 378 U.S. at 144)); *Nibbs v. People*, 52 V.I. 276, 286 (V.I. 2009) (per curiam))).

2026 VI Super 9U

to facilitate a proper decision on the merits.'"[36]  For example, "simplified 'notice pleading'[[37]] is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."[38]  Simply, a trial is a search for the truth; and the court rules are to be interpreted and employed in the most efficient and cost effective manner to achieve that end.[39]

### B. Plaintiff Failed to Submit Prima Facie Proof that the Process Server was Disinterested.

¶16    Process must be served by a disinterested non-party.[40]  What this precisely requires in practice is not clear.  Whatever the intended application of this section of the Virgin Islands Code, Plaintiff bears the initial burden of proving service of process, including service by a disinterested

---

[36] *Toussaint v. Stewart*, 67 V.I. 931, 950–51 (V.I. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)).

[37] *See Id.*, 67 V.I. at 943 ("The Rules of the Superior Court, like the Federal Rules of Civil Procedure, are designed 'to secure the just, speedy, and inexpensive determination of every action . . . .'" (quoting *Foman*, 371 U.S. 178, 182)); *see generally Mills-Williams v. Mapp*, 67 V.I. 574, 584-85 (V.I. 2017) ("[T]his Court has expressly held, in both its oldest and newest decisions, that the *Twombly* standard does apply to proceedings in the Superior Court, at least until this Court determines otherwise.  We recognize, of course, that this Court has in fact determined otherwise, in that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7.  Significantly, Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.").

[38] *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957) ("The Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of [the rules] is to facilitate a proper decision on the merits." (citing Fed. R Civ. P. 12(e) (motion for a more definite statement); 12(f) (motion to strike portions of the pleading); 12(c) (motion for judgment on the pleadings); 16 (pre-trial procedure and formulation of issue); 26—37 (depositions and discovery); 56 (motion for summary judgment): 15 (right to amend); *cf. Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938))).  In federal courts, *Conley* was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  However, this does not apply in the Virgin Islands, as this is a notice pleading jurisdiction.  *Mills-Williams*, 67 V.I. at 584–85.

[39] This approach to construction and application of the Virgin Islands Rules of Civil Procedure is reinforced by the strong preference for decisions based upon the merits of a matter.  *See generally Skepple*, 69 V.I. at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (collecting cases)).

[40] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

nonparty. The Court will consider whether this initial burden has been satisfied. The Court looks to jurisdictions containing a rule or statute with the same or similar language.[41]

¶17     The requirement contained in Virgin Islands Rule of Civil Procedure 4(c)(2) that service be made by a non-party has, in jurisdictions having a rule with the same language, been extended to methods of substitute service, such as service by mail.[42] This requirement that service be made by a person who is over 18 and "not a party" has been further interpreted to be satisfied if service is made by a party's counsel (or someone employed by counsel).[43] The process server declared

---

[41] The following are cases interpreting as persuasive authority similar or identical language in statutes or court rules intended to achieve the same purpose establishing the appropriate understanding and application of rules or statutes. *See generally Gov't of V.I. v. George*, 2025 VI 6, §19 n.8 ("Given that the local Rule 24(a)(2) mirrors its federal counterpart, the standard delineated under the federal rule is persuasive when local Rule 24(a)(2) is construed and applied." (citing *Browne v. People,* 74 V.I. 601, 613 (V.I. 2021); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.,* 69 V.I. 863, 869 (V.I. 2018))); *Browne,* 74 V.I. at 613 (concluding that where a Virgin Islands court rule "is identical to its federal counterpart," federal opinions construing and applying the federal rule are "of inherently persuasive, although not necessarily compelling, force" when construing and applying the Virgin Islands' local rule) (quoting *State v. Fuller,* 374 N.W.2d 722, 727 (Minn. 1985) and citing *People v. Ventura*, Case No. SX–2012–cr–076, 2014 WL 3767484 (V.I. Super. Ct. July 25, 2014) (unpublished)); *Yearwood Enterprises.,* 69 V.I. at 869 (observing that the Court "is mindful that decisions of federal courts interpreting a rule of federal procedure represent persuasive rather than binding authority in the context of th[e] ... interpretation of an identical Virgin Islands rule"); *Wallace*, 71 V.I. at 718 n.3 ("[T]his Court treats decisions from other jurisdictions construing statutes that feature language substantially similar to the language used in a Virgin Islands statute as persuasive authority only." (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 2996 (V.I. 2014))); *Id.* at 767 n.36 (Swan, J., concurring) ("Absent evidence that the Legislature of the Virgin Islands adopted a statute from a specific jurisdiction, decisions from jurisdictions interpreting statutes with like purposes and similar langue are considered persuasive." (citing *Rivera-Moreno*, 61 V.I. at 296; *Chinnery v. People*, 55 V.I. 508, 519 n.6 (V.I. 2011); *Bryan v. Fawkes*, 61 V.I. 416 (V.I. 2014)); *Ottley v. Est. of Bell*, 61 V.I. 480, 495 n.10 (2014) ("When statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look for guidance at how that jurisdiction's courts have interpreted the similar statute. (citing *Nicholas v. People,* 56 V.I. 718, 734–35 (V.I. 2012); *In re Disbarment of Plaskett,* 56 V.I. 441, 447 (V.I. 2012); *Brady v. Cintron,* 55 V.I. 802, 815–16 (V.I. 2011))); *Brady*, 55 V.I. at 813 n.12 ("This interpretation of 27 V.I.C. § 166d(a) is consistent with how other courts have interpreted the Virgin Islands Medical Malpractice Act, as well as Indiana's Medical Malpractice Act, which contains a statute of limitations section with almost identical language.").
[42] *Constien v. United States*, 628 F.3d 1207 (10th Cir. 2010); *see also Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 n.2 (6th Cir. Mar. 1, 2023) (unpublished) (citing *Constien*, 628 F.3d 1207); *Morelock v. Katz*, No. 22-2074, 2022 WL 17850365, at *1 (4th Cir. 2022) (per curiam) (unpublished) (citing *Constien*, 628 F.3d 1207); *Shabazz v. City of Houston*, 515 Fed. Appx. 263, 264 (5th Cir. 2013) (per curiam) (unpublished) ("Fed. R. Civ. P. 4(c)(2) also prohibits service by a party." (citing *Shabazz v. White,* 301 Fed. Appx. 316, 317 (5th Cir.2008) (per curiam); *Constien,* 628 F.3d at 1213–14; *Dumas v. Decker*, 556 Fed. Appx. 514, (7th Cir. 2014) (unpublished) (citing *Constien*, 628 F.3d at 1217).
[43] *Dombush v. C.I.R.*, 901 F.2d 1130 (D.C. Cir. 1990); *McGowen v. Second Judicial District Court*, 432 P.3d 220, 737-38 (Nev. 2018) ("At the time Nevada amended its rules in 2004, federal courts were already interpreting its rule as allowing service of process by a plaintiff's attorney." (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect*

Williams-Mactavious v. Keith A. Williams.
Case No. ST-2025-CV-00376
Memorandum Opinion and Order
Page **13** of **16**

2026 VI Super 9U

under penalty of perjury, *inter alia*, their name and that they[44] were not a party to this matter. A simple review of the case caption establishes that the name of the process server is different from any named party. The server also declares that they are older than 18 years of age. These declarations of fact are adequate to prima facie establish that the process server was a non-party.

¶18    While not containing language expressly making this requirement jurisdictional, the requirement in section 82 of title 4 of the Virgin Islands Code that process must be served by a "disinterested person" requires more substantial analysis.[45] The process server's affidavit does not contain any explicit statements that the person who attempted service was not employed by, not in a relationship with, does not do business with, etc. the Parties. Likewise, there is no declaration that the process server has no interest that may be affected by this lawsuit, either a direct or indirect

---

*Parking, Inc.,* 126 F.R.D. 48, 52 (N.D. Ill. 1989); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988); *Jugolinija v. Blue Heaven Mills, Inc.,* 115 F.R.D. 13, 15 (S.D. Ga. 1986))). Because court rules are generally not jurisdictional, it is highly questionable that the non-party requirement contained in V.I. Rule of Civil Procedure 4(c)(1) renders a judgment void. *See generally In re Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) (courts rules not jurisdictional); *Crooke*, 54 V.I. at 254 ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." (citations omitted)).

[44] *See generally Evans-Freke v. Evans-Freke*, 75 V.I. 407, 462 (V.I. 2021) (Swan, J., concurring) ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[45] *See generally Willis*, 71 V.I. at 832–33 (Swan, J., Concurring) ("If faced with the task of interpreting statutes providing time limits and other limitations that could be understood to limit a court's jurisdiction, its very power to act, statutory requirements should only be held to be jurisdictional if there is a clear indication the legislature intended the statutory provision to operate as a limitation on the court's adjudicatory capacity—the jurisdictional intent must be clear. Determining jurisdictional intent requires that the statutory language be considered for the meaning of the express text considering the context in which it is located and relevant historical treatment. When there is no clear label, then courts consider the structure of the statute and whether long-standing judicial precedent 'compels the conclusion' that the statute imposes a jurisdictional limit. If the express language unambiguously prescribes the jurisdictional limits, no further inquiry is necessary." (citing *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 602 (V.I. 2011); *Brooks.*, 58 V.I.at 424; *Brady*, 55 V.I. at 815)). In light of the statutory history of parties being authorized to serve process recited in *Constien*, it seems unlikely the "disinterested" person requirement "compels the conclusion" the limitation in section 82(d) of title 4 of the Virgin Islands Code governs this Court's adjudicatory compacity. However, further research into the legislative history of this provision is necessary before any conclusion can be drawn as to legislative intent.

Williams-Mactavious v. Keith A. Williams.
Case No. ST-2025-CV-00376
Memorandum Opinion and Order
Page **14** of **16**

2026 VI Super 9U

interest. Perhaps equally important, there is no statement of fact relating to the absence of being "related" to the decedent, even though this is a wrongful death action.

¶19   A declaration that the process server is not "related" to any party in the litigation goes a long way to proving "disinterest." As is material to the present analysis, "Related" is defined as "having some relation; closely connected." "Relate" is defined, as material to the present analysis, as "to be in some relation to; to be a relative." "Relation" can be defined as either "a kinsman or relative" or "the position in which one thing or concept stands with regard to another."[46] "Disinterested" is defined as "Lacking interest; . . . not moved by selfish interest."[47] A more comprehensive statement of this definition is "free from bias, prejudice, or partiality; not having a pecuniary interest <a disinterested witness>."[48]

¶20   To be disinterested is to be free of bias, free of selfish motive, free of self-interest in relation to the parties and subject matter of the lawsuit. So, for example, even though an employee does not necessarily have any direct legal interest in their employer's lawsuit, an employee does have an interest in their employer's success. As such, an employee, while not having an interest in a lawsuit, is likely not disinterested. The conceptual overlap of "not related" and "disinterested," though substantial, is not total—the concepts of "relation" and "disinterest" while closely related do not appear to by synonymous in any and all circumstance.

¶21   Regarding process server Richardson, Plaintiff has failed to factually eliminate possible sources of interest and has submitted inadequate proof of service of process.[49] First, there is real

---

[46] WEBSTER'S UNIFIED DICTIONARY AND ENCYCLOPEDIA, 3565 (Adams, et al, eds. 1959).
[47] WEBSTER'S UNIFIED DICTIONARY AND ENCYCLOPEDIA, 1237 (Adams, et al, eds. 1959).
[48] BLACK'S LAW DICTIONARY 502 (8TH ed. 2004).
[49] Because a Plaintiff must strictly prove Due Diligence to be granted permission to provide legal notice through constructive service, the present evidence does not establish prima facie proof of Due Diligence. This decision is limited to the facts presented—an unopposed motion seeking leave to provide legal notice by constructive service.

Williams-Mactavious v. Keith A. Williams.
Case No. ST-2025-CV-00376
Memorandum Opinion and Order
Page **15** of **16**

2026 VI Super 9U

concern that simply stating "not related" is merely a conclusory statement in the declaration that should be disregarded. For example, does the declarant mean "related" in only the biological sense…or does that declaration mean no known social contacts whatsoever, thereby eliminating social romantic relationships. But, more importantly, not being related to a person, either real or juridical, does not eliminate all sources of interest. A person may not be "related" to a person but may still have an interest that may be affected by the lawsuit, a party to the lawsuit, or both. Based on the plain meaning of the words in the declaration, the Court can conclude that the server is not a party, is not biologically related to the Parties, and likely does not have social or romantic relationships with the Parties. But the Court cannot conclude that the Process server has no interest at all in this matter. There is no statement of fact that the server has reviewed the complaint and they were not related to or otherwise socially connected with the decedent; this is a wrongful death action, making relations to the deceased person a source of interest and bias that must be eliminated, including the potential of having a claim pending against the estate in probate court. Similarly, there is no statement of fact that the process server has reviewed the complaint and is unaware of any property interest (financial or otherwise) in this lawsuit.

¶22 The proof as submitted is insufficient factual support to conclude that attempted service of process was made by someone who was disinterested. This is a failure of proof, and the Plaintiff should freely be given leave to submit a revised declaration under penalty of perjury containing the necessary factual statements to prima facia establish the process server's disinterest in this litigation, both as to the parties, the decedent, and the subject matter of the suit. A decision on the

---

Whether strict compliance with section 82(d) of title 4 of the Virgin Islands Code is required when personal or substitute service are employed is not addressed. *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1; *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

2026 VI Super 9U

present motion is reserved.  An order will be entered directing Plaintiff to either submit prima facie proof of service of process or otherwise complete service of process by a disinterested process server.

**CONCLUSION**

**¶23**     The attempted proof of service does not constitute evidence of service of process and further fails to provide sufficient evidence to satisfy the requirements of disinterest on the part of the process server.  However, Plaintiff has made a showing adequate to justify the conclusion that this was merely a failure of proof (as opposed to a failure of service) warranting reservation of ruling to allow the opportunity to file corrected prima facie proof of service.  Accordingly, it is hereby

**ORDERED** that Plaintiff shall, **within 30 days of entry of this order**, submit either corrected prima facie proof of compliance with 4 V.I.C. § 82(d) or otherwise complete service of process; and it is further

**ORDERED** that Plaintiff may submit briefing addressing either law or fact or both in justification of the actions taken in response to this Order; and it is further

**ORDERED** that the caption of this case is amended as reflected in this opinion and explained in footnote 1 and should be used by all parties; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: February 27, 2026                                              _____
                                                                                      Honorable Sigrid M. Tejo
**ATTEST:**                                                                 Judge of the V.I. Superior Court

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____

For **LATOYA CAMACHO**
       Court Clerk Supervisor  __2__ / __27__ / __2026__